12-IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| Gloria Carson, | ) | |
| | ) | Civil Action No. 7:12-1053-TMC |
| Plaintiff, | ) | |
| | ) | **ORDER** |
| v. | ) | |
| | ) | |
| Wal-Mart Associates, Inc., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

In her complaint, the plaintiff alleged causes of action for race discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, age discrimination in violation of the Age Discrimination in Employment Act ("ADEA"), and slander per se under state law. (ECF No. 1.) On April 12, 2013, the parties agreed to dismiss the plaintiff's federal claims. (ECF No. 25.) Accordingly, the only remaining cause of action is the state law slander per se claim.

Pursuant to 28 U.S.C. § 636(b) and District of South Carolina Local Civil Rule 73.02(B)(2), this case was referred to a magistrate judge for all pre-trial proceedings. This matter is now before the court on the magistrate judge's Report and Recommendation ("Report"), recommending that the court decline to exercise supplemental jurisdiction over the plaintiff's remaining state law claim. (ECF No. 32.) The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court may accept, reject, or modify, in whole or in part, the magistrate judge's recommendation, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). In this case, after a full review of the record, the court adopts the Report and incorporates it herein.

Pursuant to 28 U.S.C. § 1367(c)(3), a district court may decline to exercise supplemental jurisdiction if it has dismissed all of the claims over which it had original jurisdiction. The court's original jurisdiction over this matter arose from the federal questions presented by the plaintiff's Title VII and ADEA claims. The plaintiff has not alleged jurisdiction because of diversity of citizenship. Accordingly, the plaintiff's slander per se claim cannot stand alone in federal court and the court declines to exercise supplemental jurisdiction over that remaining state law claim. This matter is, therefore, dismissed without prejudice and all pending motions (ECF Nos. 26, 27) are denied as moot.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Court Judge

May 21, 2013
Anderson, South Carolina